UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                  :

ROBERT BOSCH GMBH AND ROBERT BOSCH LLC, :
                  :

         Plaintiffs,      :
                  :

     -v-       :      26-CV-3986 (JAV)
                  :

THE INDIVIDUALS, CORPORATIONS, LIMITED  :      ORDER
LIABILITY COMPANIES, PARTNERSHIPS, AND  :
UNINCORPORATED ASSOCIATIONS IDENTIFIED  :
ON SCHEDULE A TO THE COMPLAINT,  :
                  :

        Defendants.     :
                  :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On May 22, 2026, Plaintiffs filed a motion for expedited discovery.  ECF No. 9 ("Motion").  Plaintiffs' knowledge about Defendants' identities is limited to information available on public websites, ECF No. 10 at 3, and this information may be incorrect.  Plaintiffs therefore seek discovery in aid of determining whether this Court can exercise personal jurisdiction over Defendants.  *Id.* at 1-4.  Accordingly, Plaintiffs seek to serve discovery requests on platforms, payment processors, and domain registrars that Defendants use or operate through in order to accurately identify Defendants and obtain their transaction information.  *Id.* at 3-5.

The Court applies a flexible reasonableness and good cause standard in assessing whether to authorize expedited discovery under Rule 26(d)(1).  Expedited discovery will often be granted where the discovery is limited and specific in scope, and designed to ascertain the identities, addresses, and account information of the defendants.  *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012).  But discovery requests that sweep too broadly or that are overbroad and go beyond attempting to identify unknown defendants and their accounts will be

denied.  *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 43 (S.D.N.Y. 2022).  Because

Plaintiffs have alleged a *prima facie* case of trademark infringement, *see generally* ECF Nos. 1,

1-1, 8, and they cannot adequately identify Defendants without early discovery, *see* ECF No. 10

at 1-4, the Court agrees that there is good cause to allow for early discovery.  Accordingly,

Plaintiffs' Motion is **GRANTED** and it is hereby **ORDERED** as follows:

1.    As sufficient cause has been shown, within fourteen (14) days of receipt of service of this

Order, the Financial Institutions and Domain Registrars[1] shall provide the following

information to Plaintiffs' counsel (to the extent such information is in the Financial

Institutions' and Domain Registrars' possession, custody, or control):

a.    Identifying information for Defendants, including all available contact

information (which shall include, if available, all known e-mail addresses,

residential and business mailing addresses, telephone numbers, and physical

locations), as well as all associated account numbers and account balances,

regardless of the platform or institution. Such identifying information shall

include the following information as available: (i) any addresses or places of

business located in countries that are signatories to the Hague Convention on the

Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial

Matters, including but not limited to the People's Republic of China; (ii) records

of any business operations, facilities, warehouses, or distribution centers in such

Hague Convention signatory countries; (iii) information regarding registered

agents, local representatives, or business contacts in such jurisdictions; (iv)

---

[1] "Financial Institutions and Domain Registrars" consist of the following entities:  Amazon.com, Inc. (Amazon), PayPal, Inc. (PayPal), Shop Pay (Shopify Inc.), Walmart Inc. (Walmart), and Whaleco Inc. (Temu).

documentation of corporate registrations, business licenses, or other official filings in Hague Convention signatory countries; and (v) any other information that would facilitate proper service of process in accordance with the Hague Convention requirements.

b.    Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

c.    Business and financial transaction records related to New York, including but not limited to: (i) all sales, transactions, or revenue generated from customers or users located in New York; (ii) records of business activities conducted in or directed to New York; (iii) documentation of any physical presence, operations, or facilities in New York; (iv) records of employees, agents, or representatives based in or serving New York; (v) shipping or delivery records for goods or services sent to New York addresses; (vi) marketing, advertising, or promotional activities targeted at New York residents or businesses; (vii) contracts, agreements, or business relationships with New York-based entities or individuals; and (viii) any other records evidencing minimum contacts, nexus, or ties to the State of New York.

The Clerk of Court is directed to terminate ECF No. 9.

SO ORDERED.

Dated:  June 1, 2026
          New York, New York                        _____
                                                          JEANNETTE A. VARGAS
                                                          United States District Judge

3